UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| ANDREW DEGRYSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  1:24cv20156 |
| | ) | |
| AA MEALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ANDREW DEGRYSE ("Plaintiff), through his attorney, Hormozdi Law Firm, LLC, allege the following against Defendant, AA MEALS, INC. ( "Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et. seq. ("EFTA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collections Practices Act

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy,"

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

1

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Miami, Miami-Dade County, State of Florida.

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a weekly meal preparation and delivery service business headquartered in the City of Miami, Miami-Dade County, State of Florida.

10. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect an alleged consumer debt from Plaintiff, originating with Defendant.

13. The alleged debt at issue arises from transactions for personal, family, and household purposes.

14. Plaintiff does not owe the alleged debt that Defendant seeks to collect.

15. Plaintiff did not owe the alleged debt when Defendant attempted to collect the alleged debt from Plaintiff.

16. On or about January 12, 2023, Plaintiff contacted Defendant and cancelled his meal prep services with them.

17. At the time, Plaintiff's alleged debt was then set up to be paid via periodic and recurring automatic payments from Plaintiff's personal checking account.

18. At the time, Plaintiff's periodic and recurring automatic payments were approximately $350.00 monthly.

19. It is Defendant's policy that cancellations for subsequent months must occur on or before the third Sunday of the previous month.

20. It is Defendant's policy to charge for the monthly meal plans on the fourth Sunday of each month.

21. On or about January 12, 2023, Plaintiff revoked Defendant's authorization to debit and/or make electronic fund transfers from Plaintiff's personal checking account. (Ex. A)

22. Plaintiff cancelled his services with AA MEALS, INC., for February 2023, three days before the stated cancellation date.

23. Despite Plaintiff's revocation and cancellation, Defendant withdrew $350.00 from Plaintiff's personal checking account on or about January 22, 2023.

24. On or about January 23, 2023, Plaintiff contacted Defendant and informed them that they had withdrawn the money despite his previous request and revocation. (Ex. A)

25. On or about January 25, 2023, Plaintiff contacted Defendant and requested information regarding a refund for the unauthorized withdrawal. (Ex. B)

26. In the above-referenced conversation:

    a. Plaintiff speaks to Defendant's male employee, Alex ("Alex").

    b. Plaintiff informs Alex that if Defendant does not provide information regarding Plaintiff's refund, Plaintiff will dispute it with his bank.

    c. Alex informs Plaintiff that the refund could take between seven (7) and fourteen

    (14) business days.

    d. Alex informs Plaintiff that if Plaintiff wishes to dispute the charge, it could take up to seventy-five (75) days and it "could get one sided in our [AA MEALS, INC.'] favor."

    e. Alex insists that Plaintiff "just give it 7 to 14 business days not counting weekends or holidays."

    f. Alex sends Plaintiff a screen capture of Defendant refunding his unauthorized withdrawn payment through the platform, PayPal, despite Plaintiff never forwarding Defendant his PayPal information.

27. On or about February 9, 2023, Plaintiff contacts Defendant requesting information on his refund. (Ex. C)

28. During the above-referenced conversation:

    a. Plaintiff speaks to Defendant's male employee, Alex.

    b. Alex informs Plaintiff it had only been nine (9) business days, but the refund could take up to 14 business days.

    c. Alex informs Plaintiff that his refund was issued on January 25, 2023, but it will not "go through" until January 30, 2023.

29. On or about February 12, 2023, Plaintiff contacts Defendant again to request information regarding his refund.

30. In the above-referenced conversation, Plaintiff speaks with Alex. Alex states that he has "already texted the manager to see what happened."

31. On or about February 23, 2023, Plaintiff disputed Defendant's $350.00 withdrawal with his bank.

32. On or about May 24, 2023, Plaintiff's bank concluded Plaintiff's dispute with Defendant to be valid and Plaintiff was issued a provisional credit of $350.00. (Ex. D)

33. Defendant was not authorized to withdraw funds from Plaintiff's personal checking account after January 12, 2023.

34. Defendant's above-referenced conduct affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

## COUNT I
## AA MEALS, INC. VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

35. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-three of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

36. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

37. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

38. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing 4 signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

39. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation

E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

40. On at least one occasion, Defendant has initiated a withdrawal to debit Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

41. On at least one occasion, AA MEALS, INC. has initiated a withdrawal to debit Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, ANDREW DEGRYSE, respectfully requests judgment be entered against Defendant, AA MEALS, INC., for the following:

42. Actual damages of $350.00 pursuant to the Electronic Funds Transfer Act, § 916(a)(1);

43. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act;

44. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act; and

45. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

46. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-three of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

47. Defendant violated the FDUTPA based on the following:

    a. Defendant's above-detailed conduct amounts to deceptive acts or unfair practices pursuant to the FDUTPA;

    b. Defendant's above-detailed conduct is a direct and proximate cause of Plaintiff's injuries; and

    c. Plaintiff sustained actual damages as a result of Defendant's above-detailed conduct.

WHEREFORE, Plaintiff, ANDREW DEGRYSE, respectfully requests judgment be entered against Defendant, AA MEALS, INC., for the following:

48. Actual damages in an amount to be determined at the final evidentiary hearing, pursuant to § 501.207 of the FDUTPA;

49. Costs and reasonable attorneys' fees pursuant to § 501.2105 of the FDUTPA; and

50. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: January 15, 2024        By:  /s/ Shireen Hormozdi Bowman
                                    Shireen Hormozdi
                                    FL Bar No.: 0882461
                                    Hormozdi Law Firm, LLC
                                    1770 Indian Trail Lilburn Road, Suite 175
                                    Norcross, GA 30093
                                    Tel: 378-395-7795
                                    Cell: 678-960-9030
                                    Fax: 866-929-2434

shireen@norcrosslawfirm.com
Attorney for Plaintiff